# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**BRIAN A. CAMPBELL,**

                **Plaintiff,**

    v.                                      **CASE NO. 18-3096-SAC**

**R.S. SAGE, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Brian A. Campbell, an inmate at the Sedgwick County Jail in Wichita, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *in forma pauperis*. He has also filed a motion to appoint counsel (Doc. 3). For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed, and his motion is denied.

## I. Nature of the Matter before the Court

Mr. Campbell's complaint (Doc. 1) alleges his constitutional rights were violated by officers of the Augusta, Kansas Police Department. He claims officers conducted an illegal search and seizure of property on March 9, 2016, leading to further investigation of Plaintiff and his arrest. Plaintiff ultimately plead guilty to criminal use of a credit card without consent of the owner and identity theft and was sentenced to serve 21 months. Plaintiff names as defendants Sergeant R.S. Sage, Captain B.A. Relp, Sergeant E.C. McCluskey, Officer M.T. Mekel, Officer D.L. Strobe, Officer T.R. Tombaugh, and Officer D.K. Keith.

1

In Count I of his complaint, Plaintiff alleges that Defendants Meckel and McCluskey ran license plate searches on vehicles parked on his property without legal justification. He further alleges they searched and seized undisclosed property without a warrant.

In Count II, Plaintiff claims that when he was arrested on May 16, 2016, he was told by Defendant Relp that the Augusta Police Department had been watching his house because "no one knew him" and "you cannot be black in a small town that nobody knows anything about." According to Plaintiff, Defendant Relp further stated that the Augusta Police Department "had nothing better to do than pick Plaintiff's life apart." Plaintiff alleges that Defendant Relp and Defendant Sage failed to charge "the white individuals that had committed the same conduct as myself and Cassandra Smith, that are black."

In Count III, Plaintiff alleges the Augusta Department of Public Safety violated Plaintiff's constitutional rights by allowing the individual defendants' unlawful conduct to continue.

Plaintiff asserts Defendants have violated his rights under the Equal Protection Clause of the Fourteenth Amendment, as well as the Fourth and Fifth Amendments. He seeks compensatory damages in the amount of $2.5 million.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2); 28 U.S.C. § 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's

complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

After reviewing Plaintiff's complaint with the standards set out above in mind, the Court finds that the complaint is subject to summary dismissal under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e) because Plaintiff's claims are premature under the principles of *Heck v. Humphrey*.

Under the *Heck* doctrine, when a state prisoner seeks damages in a lawsuit under § 1983, his complaint must be dismissed where a judgment in his favor would necessarily imply the invalidity of his conviction or sentence, unless the plaintiff can show that the conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As explained by the Tenth Circuit:

> In *Heck v. Humphrey*, the Supreme Court held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote omitted).

*Reed v. McCune*, 298 F.3d 946, 953-54 (10th Cir. 2002).

The purpose behind *Heck* is "to prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Johnson v. Pottawotomie Tribal Police Dep't*, 411 F. App'x 195, 198 (10th Cir. 2011), *quoting Butler v. Compton,* 482 F.3d 1277, 1279 (10th Cir. 2007).

Claims that are subject to the *Heck* bar have not yet accrued and therefore are premature. Such claims are dismissed without prejudice. *See Fottler v. United States,* 73 F.3d 1064, 1065 (10th Cir. 1996)("When a § 1983 claim is dismissed under *Heck,* the dismissal should be without prejudice.").

The allegations in Count I are related to a search of Plaintiff's home that occurred on March 9, 2016. The only details Plaintiff provides are that Defendants Meckel and McCluskey ran license plate searches on vehicles parked on Plaintiff's property and conducted an illegal search and seizure of property without a warrant. While he does not describe what property was searched or what was seized, he does state that the search and seizure lead to his subsequent arrest and conviction. *See* Doc. 1, at 2 ("Based off [the illegal search and seizure on March 9, 2006] Captain B.A. Relph launched an investigation against Campbell."); *Id.* at 4 ("Plaintiff was arrested by the Augusta Dept. of Public Safety, based on items seized on March 9, 2016 in violation of his rights."). Hence, a judgment here that the search was constitutionally deficient would imply that

5

Plaintiff's conviction is invalid. *See Trusdale v. Bell,* 85 F. App'x 691, 693 (10th Cir. 2003)(holding that prisoner's § 1983 claim alleging an unlawful search was barred by *Heck* because evidence obtained pursuant to the search led to his convictions).

Because Plaintiff has not shown that his conviction has already been invalidated, whether reversed on direct appeal, expunged by executive order, called into question by a federal court's issuance of a writ of habeas corpus, or otherwise invalidated, this claim appears to be barred by *Heck*. *See Heck*, 512 U.S. at 487. Unless Plaintiff can show either (1) that his conviction did not result, at least in part, from evidence obtained during the search on March 9, 2016, or (2) that his conviction has already been invalidated, this count is subject to dismissal as premature under *Heck*.

In Count II, Plaintiff brings a selective enforcement claim. Selective enforcement is generally a complete defense to a criminal charge. *See Schwartz v. New Mexico Corr. Dep't Prob. & Parole*, 384 F. App'x 726, 730 (10th Cir. 2010) (comparing selective enforcement to selective prosecution and quoting *Kramer v. Village of N. Fond du Lac,* 384 F.3d 856, 862 (7th Cir. 2004) for the proposition that "[s]elective prosecution and entrapment are complete defenses to a crime. If [a defendant] had successfully asserted either one of them at his trial, [he] would not have been convicted."); *Gibson v. Superintendent of New Jersey Dep't of Law and Public Safety*, 411 F.3d 427, 440-41 (3d Cir. 2005), cert. denied, 126 S. Ct. 1571 (2006) ("[I]f a person can demonstrate that he was subjected to selective enforcement in violation of his Equal Protection rights, his conviction will be invalid."). Selective enforcement may also be the basis of a § 1983 claim. In either case, the required proof is the same: Mr. Campbell would need to demonstrate that the defendants' actions had a discriminatory effect and were motivated by a discriminatory purpose. *Marshall v. Columbia Lea Regional Hosp.*, 345 F.3d 1157, 1168 (10th Cir. 2003).

Assuming for the sake of argument that Plaintiff could successfully prove selective enforcement in this § 1983 action, such a result would obviously call into question the validity of his conviction.  As a result, *Heck* also bars Plaintiff's selective enforcement claim.  *See Schwartz*, 384 F. App'x at 730 (finding *Heck* bars § 1983 claim for selective enforcement in probation revocation context because of availability of habeas relief where revocation is shown to be discriminatory).  *See also Gibson*, 411 F.3d at 441 (applying *Heck* to find that plaintiff's § 1983 racial discrimination selective enforcement equal protection claim did not accrue until his conviction was vacated); *Rogers v. Illinois Department of Corrections*, 160 F. Supp. 2d 972, 977 (N.D. Ill. 2001) (finding the *Heck* doctrine applies to § 1983 selective prosecution claims).

In Count III, Plaintiff attempts to bring a claim against the Augusta Police Department for lack of supervision.  However, he has not named the police department as a defendant, and even if he had, a municipal police department cannot be held separately liable in an action under § 1983 and thus is not a proper defendant.  *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (dismissing § 1983 claims against Denver Police Department as non-suable entity), *vacated and remanded on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986) (mem.); *see also Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991) ("[L]ocal government departments have no greater separate identity from cities than do their officials when they are acting in their official capacities.") (citing *Brandon v. Holt,* 469 U.S. 464, 472 and n. 21 (1985)), *aff'd*, No. 92-1134, 1993 WL 33875, at *3 (10th Cir. Feb. 11, 1993).

Because "the allegations in [Plaintiff's] complaint, however true, could not raise a claim of entitlement to relief" at this time, dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

## IV. Response Required

For the reasons stated herein, Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 28 U.S.C. § 1915(e).  Plaintiff is therefore required to show good cause why his complaint should not be dismissed.  The failure to file a timely, specific response waives appellate review of both factual and legal questions.  *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999).  Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

## V.   Plaintiff's Motion to Appoint Counsel (Doc. 3)

The Court has considered Plaintiff's Motion to Appoint Counsel (Doc. 3).  There is no constitutional right to appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel.  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006), *citing Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (*citing Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).  In deciding whether to appoint counsel, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.  The Court concludes that because Plaintiff's claims are premature under *Heck,* the appointment of counsel is not warranted.  Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **July 6, 2018**, in which to show good cause, in writing, why Plaintiff's complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Doc. 3) is denied, without prejudice.

**IT IS SO ORDERED.**

DATED:  This 6th day of June, 2018, at Topeka, Kansas.

    **s/_Sam A. Crow_____**
    **SAM A. CROW**
    **U.S. Senior District Judge**